GARY P. BURCHAM
California Bar No. 190780
964 Fifth Avenue; Suite 300
San Diego, CA 92101
Telephone: (619) 699-5930

Attorney for Jovanni Perez-Tinoco

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE MARILYN L. HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOVANNI PEREZ-TINOCO,<br>Defendant. | Case No. 08CR1696-H<br><br>Date: August 4, 2008<br>Time: 2:00 p.m.<br><br>**NOTICE OF MOTIONS AND MOTIONS TO:**<br><br>**1) COMPEL DISCOVERY;**<br>**2) FILE FURTHER MOTIONS** |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, and
DALE BLANKENSHIP, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on Monday, August 4, 2008, 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Jovanni Perez-Tinoco, by and through his attorney, Gary P. Burcham, will ask this Court to enter an order granting the motions listed below.

//

//

//

//

//

//

**MOTIONS**

Jovanni Perez-Tinoco, the defendant in this case, by and through his attorney, Gary P. Burcham, pursuant to the Amendments to the United States Constitution, Fed. R. Crim. P., and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery;

2) to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: July 21, 2008

/s/ Gary P. Burcham
GARY P. BURCHAM
Attorney for Jovanni Perez-Tinoco

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>JOVANNI PEREZ-TINOCO<br>Defendant-Appellant. | U.S.D.C. No. 08CR1696-H<br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, GARY P. BURCHAM, am a citizen of the United States and am at least eighteen years of age. My business address is 964 Fifth Avenue, Suite 300, San Diego, CA 92101.

I am not a party to the above-entitled action. I have caused service of Defendant's Motion For Discovery and For Leave To File Further Motions on the following party or parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies him/her.

**Dale Blankenship, Esq.**
**Assistant United States Attorney**
**880 Front Street**
**San Diego, CA 92101**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2008.

/s/ Gary P. Burcham
GARY P. BURCHAM

GARY P. BURCHAM
California Bar No. 190780
964 Fifth Avenue; Suite 300
San Diego, CA 92101
Telephone: (619) 699-5930

Attorney for Jovanni Perez-Tinoco

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE MARILYN L. HUFF)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOVANNI PEREZ-TINOCO,<br><br>Defendant. | Case No. 08CR1696-H<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. Mr. Perez-Tinoco does not accept this statement of facts as his own, and reserves the right to take a contrary position at motions hearing and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

In a superseding indictment filed in June 2008, Mr. Perez-Tinoco was charged with four counts of fraud and misuse of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B). The government has alleged that Mr. Perez-Tinoco, as part of his employment as a foreman with the "Boss 4" packing company, provided undocumented field workers

with social security numbers assigned to different persons in order to allow the undocumented individuals to work for the company.

Mr. Perez-Tinoco has pled not guilty to all counts in which he is charged. The lead defendant in the case, Francisco Zapot-Palacios, has pled guilty to various charges in the indictment. With regard to the material witnesses, there are more than a dozen material witnesses in this case. The depositions of three material witnesses have occurred, and counsel believes that at least three additional material witnesses remain in custody and that counsel for the witnesses, Alan Ferguson, Esq., may move for orders allowing for the depositions of these individuals as well.

**I.**

**MOTION TO COMPEL DISCOVERY**

Thus far, Mr. Perez-Tinoco has received a voluminous amount of discovery in this case consisting of thousands of pages of discovery, as well as numerous CD-ROM’s containing additional materials. In addition to what already has been received, Mr. Perez-Tinoco also moves for the production by the government of the following items. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989):

(1) The Defendant's Statements. Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is entitled to disclosure all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the government intends to offer in evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the defendant to interrogation; the substance of any oral statements which the government intends to introduce at trial,

and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the Government must reveal all the defendant's statements, whether oral or written regardless of whether the Government intends to introduce those statements;

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also United States v. Johnson, 525 F.2d 999 (2d Cir. 1975); United States v. Lewis, 511 F.2d 798 (D.C. Cir. 1975); United States v. Pilnick, 267 F. Supp. 791 (S.D.N.Y. 1967); Loux v. United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

(3) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(D), the defendant requests the reports of all tests and examinations conducted upon the evidence in this case, including but

not limited to the scientific chemical testing done upon the drugs seized in this case to determine if it was indeed marijuana and any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial;

(4) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976);

(5) Any Information that May Result in a Lower Sentence under the United States Sentencing Guidelines (U.S.S.G.). As discussed above, this information is discoverable under Brady v. Maryland. This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the U.S.S.G. Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the U.S.S.G.;

(6) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B);

(7) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid.

404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given three weeks before trial in order to give the defense time to adequately investigate and prepare for trial;

(8) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C); the defendant specifically requests that all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case be preserved. This request includes, but is not limited to, any samples used to run any scientific tests, any narcotics, and any evidence seized from any third party. It is requested that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist, to inform those parties to preserve any such evidence;

(9) Tangible Objects. The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs, of building or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant;

(10) Evidence of Bias or Motive to Lie. The defendant requests

any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988);

(11) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613. Such evidence is discoverable under Brady v. Maryland. See Strifler (witness' prior record); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(12) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.) cert. denied, 474 U.S. 945 (1985);

(13) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. Strifler; Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(14) Witness Addresses. The defendant requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses

by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984);

(15) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina; Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(16) Statements Relevant to the Defense. The defendant requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(17) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite

cross-examination and to avoid lengthy recesses during trial;

(18) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses;

(19) Personnel Records of Government Officers Involved in the Arrest. The defendant requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal.3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source;

(20) Government Examination of Law Enforcement Personnel Files. The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), cert. denied, 503 U.S. 972 (1992). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the government to review all such files for all testifying

witnesses and turn over any material relevant to impeachment or that is exculpatory to the defendant prior to trial. The defendant specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's and not the officers'. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(21) Notice and a Written Summary of Any Expert Testimony. Under Rule 16(a)(1)(E), effective December 1, 1993, "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness' opinions, the basis and the reasons therefore, and the witness' qualifications." The defendant also specifically requests the government give him a written summary and notice of any expert testimony the government intends to introduce.

## II.

## **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Depending on the future proceedings in this case, Mr. Perez-Tinoco may file substantive motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from the discovery requested herein.

//

//

//

//

//

//

//

**III.**

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

/s/ Gary P. Burcham

Dated: July 21, 2008

GARY P. BURCHAM
Attorney for Jovanni Perez-Tinoco